IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:21-cv-00236-MR-WCM

| | |
|---|---|
| AFARRAH CHARDAE SANDERS, *as Administrator of the Estate of Jackie Israel Sanders* | )<br>)<br>) |
| Plaintiff, | ) |
| v. | ) ORDER |
| RYAN BAILEY, *in his individual capacity;* CODY MCINTYRE, *in his individual capacity;* DEREK DEATON, *in his individual capacity;* HUNTER HAYNES, *in his individual capacity;* JEFF SMITH, *in his individual capacity;* JOSHUA J. KUJAWA, *in his individual capacity;* MATTHEW OWENS, *in his individual capacity;* WILMER CHAVEZ-PEREZ, *in his individual capacity;* CRAIG KELLER, *in his individual capacity and in his official capacity;* ELIZABETH SPROUSE, *in her individual capacity;* JOHN COOLEY, *in his individual capacity;* JOSHUA GOODWIN, *in his individual capacity;* CHRIS FRANCIS, *the Sheriff of Rutherford County, in his official capacity;* TIM WRIGHT, *the Sheriff of Polk County, in his official capacity* | ) |
| Defendants. | ) |

This matter is before the Court on a Partial Motion to Dismiss (the "Motion to Dismiss," Doc. 7) filed by defendants Hunter Haynes, Wilmer Chavez-Perez, Joshua Kujawa, Joshua Goodwin, Chris Francis, and Tim Wright ("Movants").

On August 27, 2021, Plaintiff filed an original complaint. Doc. 1.

On October 8, 2021, Movants filed the Motion to Dismiss. The remaining Defendants filed an answer that same day. Doc. 9.

The deadline for Plaintiff to respond to the Motion to Dismiss was subsequently extended through and including November 5, 2021.

On November 5, 2021, Plaintiff filed a Stipulation of Dismissal with respect to certain claims, as well as an Amended Complaint. Docs. 11 & 12.

"The general rule ... is that an amended pleading supersedes the original pleading, rendering the original pleading of no effect." Young v. City of Mount Ranier, 238 F.3d 567, 573 (4th Cir. 2001); see also Fawzy v. Wauquiez Boats SNC, 873 F.3d 451, 455 (4th Cir. 2017) ("Because a properly filed amended complaint supersedes the original one and becomes the operative complaint in the case, it renders the original complaint 'of no effect'").

"A party may amend its pleading once as a matter of course within … 21 days after service of a motion under Rule 12(b)…." Fed. R. Civ. Pro. 15(a)(1)(B). Additionally, pursuant to Rule 15(a)(2), a party may amend its pleading with the opposing party's written consent, or with the court's leave.

Here, Plaintiff represents that the Amended Complaint has been filed with the written consent of counsel for the defendants. Doc. 12 at 1. Accordingly, the Motion to Dismiss is now moot. See Colin v. Marconi Commerce Systems Employees' Retirement Plan, 335 F.Supp.2d 590, 614

(M.D.N.C. 2004) ("Earlier motions made by Defendants were filed prior to and have been rendered moot by Plaintiffs' filing of the Second Amended Complaint"); <u>Ledford v. Eastern Band of Cherokee Indians</u>, No. 1:20-CV-005-MR-DCK, 2020 WL 1042235 at 1 (W.D.N.C. March 3, 2020) ("It is well settled that a timely-filed amended pleading supersedes the original pleading, and that motions directed at superseded pleadings may be denied as moot").

**IT IS THEREFORE ORDERED** that Defendants' Partial Motion to Dismiss (Doc. 7) is **DENIED AS MOOT**. This denial is without prejudice to Defendants' right to challenge the Amended Complaint, if appropriate.

Signed: November 5, 2021

W. Carleton Metcalf
United States Magistrate Judge