UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
CASE NO. 1-21-cv-236

| | |
|---|---|
| AFARRAH CHARDAE SANDERS, as the Administrator of the Estate of JACKIE ISRAEL SANDERS<br><br>Plaintiff,<br><br>vs.<br><br>RYAN BAILEY, in his individual capacity, CODY MCINTYRE, in his individual capacity, DEREK DEATON, in his individual capacity, HUNTER HAYNES, in his individual capacity, JEFF SMITH, in his individual capacity, JOSHUA KUJAWA, in his individual capacity, MATTHEW OWENS, in his individual capacity, WILMER CHAVEZ-PEREZ, in his individual capacity, CRAIG KELLER, in his individual capacity, ELIZABETH SPROUSE, in her individual capacity, JOHN COOLEY, in his individual capacity, JOSHUA GOODWIN, in his individual capacity, CHRIS FRANCIS, the Sheriff of Rutherford County, in his official capacity, TIM WRIGHT, the Sheriff of Polk County, and in his official capacity,<br><br>Defendants. | **CONSENT PROTECTIVE ORDER** |

This matter is before the Court on the parties' Consent Motion for Protective

Order (Doc. 18). The motion is granted, and the parties' proposed Order is accepted.

***

Recordings, documents, and information have been and will be sought, produced or exhibited by and among the parties to the above captioned proceeding, which documents and information relate to employee personnel matters that may be disclosed only under court order, pursuant to N.C. Gen. Stat. § 153A-98(c). The parties have sought such an order so as to be in compliance with the statute.

By consent, IT IS HEREBY ORDERED THAT:

1. Confidential Information is information set forth in N.C.G.S. § 153A-98(a) which concerns or relates to an individual's application, selection or nonselection, promotions, demotions, transfers, leave, salary, suspension, performance evaluations and forms (including observations), disciplinary actions and termination of employment wherever located and in whatever form, but expressly excludes any of the following: the employee's home residence, the identity of family members, insurance and benefits, medical history, social security number, and financial information. Confidential Information may be located in, but not limited to, the following documents or materials: (a) personnel files, (b) evaluations, (c) law enforcement recordings, and (d) any other similar documents. The information with respect to each county employee set forth in N.C.G.S. § 153A-98 (b) (1)- (12) is a matter of public record and not Confidential Information.

2. Any such Confidential Information obtained in this action which is asserted by Defendants to contain or constitute confidential information, shall be

clearly and prominently marked on its face with the legend: "CONFIDENTIAL BY PROTECTIVE ORDER, Case No. 1:21-CV-236" or a comparable notice. (Such Confidential Information shall be disclosed at any hearing only to Court personnel, to the parties and to counsel for the parties and their employees.)

3. In the absence of written permission from the Defendants or an order by the Court, any Confidential Information obtained in accordance with the provisions of paragraph 2 above shall not be disclosed to any person other than: (i) the Court and the employees thereof, (ii) court reporters and stenographers engaged for the taking of testimony, (iii) the parties to this action and their counsel, including necessary secretarial, paralegal and clerical personnel assisting such counsel; (iv) experts and their staff who are employed for the purposes of this litigation but who are not otherwise employed by, consultants to, or otherwise affiliated with a party; or (v) witnesses who are managers or supervisors or the individuals to whom the personnel file belongs. Any Confidential Information shall be used solely for the purpose of this original action and in preparation for trial. Nothing in this Order is intended to interfere with an individual employee's right to examine his own personnel file to the extent permitted by law.

4. Confidential Information obtained in accordance with the provisions of paragraph 2 above shall not be made available to any person designated in paragraph 3 (iv) unless he or she shall have first read this Order and shall have agreed, by letter

submitted to Defendants' counsel: (i) to be bound by the terms thereof, (ii) not to reveal such Confidential Information to anyone other than another person designated in paragraph 3; and (iii) to utilize such Confidential Information solely for purposes of this litigation.

5. If any persons, other than those identified above in Paragraph 3, are provided with any Confidential Information by any person identified in Paragraph 3, such information shall remain confidential and such persons receiving said information shall remain subject to the conditions of this Protective Order.

6. Any Confidential Information submitted to the Court in connection with a motion or other proceeding within the purview of this action shall be submitted under seal pursuant to Western District Local Rule 6.1. Any portion of a transcript in connection with this action containing any Confidential Information identified by Defendants pursuant to paragraph 2 shall be filed under seal pursuant to Western District Local Rule 6.1. A party may designate such portions of the transcript by a statement to that effect on the record by counsel for either side during or before the close of the deposition or hearing, or in writing within thirty (30) days of the designating party's receipt of any transcript thereof. When any Confidential Information is included in an authorized transcript of a proceeding or exhibits thereto, arrangements shall be made with the court reporter recording the proceeding

to bind such confidential portions and separately label them "CONFIDENTIAL INFORMATION, SUBJECT TO PROTECTIVE ORDER."

7. If Confidential Information obtained in accordance with paragraph 2 is disclosed to any person other than in the manner authorized by this Protective Order, the party responsible for the disclosure must immediately bring all pertinent facts relating to this disclosure to opposing counsel and the Court, and, without prejudice to other rights and remedies of the other party, make every reasonable effort to prevent further disclosure by it or by the person who was the recipient of such information. Should the Confidential Information be obtained in a manner outside of the means and mechanisms contemplated and described in this Order, then that information shall not be subject to this Order, except that such information shall be used solely for the purpose of this action.

8. Upon final adjudication of this action, the disposition of all confidential information subject to the provisions of this order (including any copies made and/or computer materials made or stored) shall be subject to a final order of the Court.

Signed: March 24, 2022

W. Carleton Metcalf
United States Magistrate Judge